# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4968-17T4

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

A.M.,

      Defendant-Appellant,

and

T.J.C.,

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF T.H.C.,

      a Minor.

_____

      Submitted July 16, 2019 – Decided July 31, 2019

      Before Judges Vernoia and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FG-21-0114-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Carol A. Weil, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason Wade Rockwell, Assistant Attorney General, of counsel; Peter Damian Alvino and Alexandra N. Vadala, Deputy Attorneys General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Margo E. K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

Defendant A.M. (Abby)[1] appeals from a June 12, 2018 Family Part Judgment of Guardianship terminating her parental rights to her son, T.H.C. (Tim), who was born in 2016. We are convinced the court correctly determined the New Jersey Division of Child Protection and Permanency (Division) proved by clear and convincing evidence that termination of defendant's parental rights was in Tim's best interests, and affirm.

---

[1] We employ initials and pseudonyms for the parties and children for clarity and to protect the children's privacy.

A-4968-17T4

Abby and T.J.C. (Todd) are Tim's biological parents. Todd surrendered his parental rights to Tim's resource parents on April 25, 2018, and is not a party to this appeal. Abby is also the biological mother of a girl, Susan, who was born in 2012. The Division's permanency plan for Susan is reunification with her biological father, who resides in Honduras. Abby consents to the transfer of legal and physical custody of Susan to her father, and there are no issues related to Susan in this guardianship matter.

In September 2016, the court granted the Division temporary care and custody of Tim and Susan to protect their safety and health because Abby overdosed on drugs while caring for them. Following review hearings, in August 2017 the court approved the Division's permanency plan for Tim: termination of parental rights followed by adoption. Two months later, the Division filed its guardianship complaint.

The trial on the Division's complaint was conducted over the course of three days before Judge Haekyoung Suh. The Division presented the testimony of Division permanency and intake caseworker Maryse D-Betrand, Division adoption caseworker Sara Clause, Division assistant family services worker John Chumbley, Tim's resource parent, A.L., and the Division's expert witness, licensed psychologist Robert James Miller, II. Abby did not attend the trial or

present any witnesses. The Law Guardian also did not present any witnesses at trial.

Following the hearing, Judge Suh issued a detailed written decision summarizing the matter's procedural history and making detailed factual findings as to each of the required elements of the best interests of the child standard set forth in N.J.S.A. 30:4C-15.1(a). Based on those findings, Judge Suh concluded the Division sustained its burden of proving by clear and convincing evidence that it was in Tim's best interests to terminate Abby's parental rights. More particularly, the judge found that Abby's long term and ongoing substance abuse issues that she failed to address despite the numerous services offered by the Division, her inability to provide Tim with a safe and secure home, her lengthy failure to provide Tim the permanency to which he is entitled, and her withholding of parental care and attention endangered Tim's safety, health and development. Judge Suh also found that, despite the Division's efforts to provide services, Abby demonstrated an inability and unwillingness to remediate the harm that necessitated Tim's removal. The judge further found that the evidence, including the unrefuted opinion of the Division's expert, established that termination of Abby's parental rights will not do more

harm than good. Judge Suh entered a June 12, 2018 Judgment of Guardianship terminating Abby's parental rights to Tim. This appeal followed.

Abby presents the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED BY TERMINATING THE MOTHER'S PARENTAL RIGHTS BECAUSE ALTERNATIVES TO TERMINATION AND ADOPTION WERE NOT APPROPRIATELY CONSIDERED BY DCPP OR THE COURT[.] (Not Raised Below.)

POINT II

THE TRIAL COURT ERRED BY TERMINATING THE MOTHER'S PARENTAL RIGHTS BECAUSE THE REQUIREMENTS OF PRONG THREE WERE NEVER MET; DCPP DID NOT PROVIDE REASONABLE SERVICES TO THE MOTHER[.] (Not Raised Below.)

POINT III

THE JUDGMENT TERMINATING THE MOTHER'S PARENTAL RIGHTS MUST BE REVERSED BECAUSE DCPP FAILED TO PROVE THAT TERMINATION OF PARENTAL RIGHTS WOULD NOT DO MORE HARM THAN GOOD[.] (Not Raised Below.)

Our review of a trial court order terminating parental rights is limited. N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). "A Family Part's decision to terminate parental rights will not be disturbed when

A-4968-17T4

there is substantial credible evidence in the record to support the court's findings." N.J. Div. of Child Prot. & Permanency v. K.T.D., 439 N.J. Super. 363, 368 (App. Div. 2015) (citing N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012)). "We accord deference to factfindings of the family court because it has the superior ability to gauge the credibility of the witnesses who testify before it and because it possesses special expertise in matters related to the family." F.M., 211 N.J. at 448. This enhanced deference is particularly appropriate where the court's findings are founded upon the credibility of the witnesses' testimony. N.J. Div. of Youth & Family Servs. v. H.B., 375 N.J. Super. 148, 172 (App. Div. 2005) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

"Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting G.L., 191 N.J. at 605). No deference is given to the trial court's "interpretation of the law," which we review de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

A parent has a constitutionally protected right "to enjoy a relationship with his or her child." In re Guardianship of K.H.O., 161 N.J. 337, 346 (1999). That

A-4968-17T4

right, however, "is not absolute" and is limited "by the State's <u>parens patriae</u> responsibility to protect children whose vulnerable lives or psychological well-being may have been harmed or may be seriously endangered by a neglectful or abusive parent." <u>F.M.</u>, 211 N.J. at 447. A parent's interest must, at times, yield to the State's obligation to protect children from harm. <u>N.J. Div. of Youth & Family Servs. v. G.M.</u>, 198 N.J. 382, 397 (2009).

When terminating parental rights, the court must consider the "best interests of the child." <u>K.H.O.</u>, 161 N.J. at 347. A petition to terminate parental rights may only be granted if the following four prongs enumerated in N.J.S.A. 30:4C-15.1(a) are established by clear and convincing evidence:

> (1)    The child's safety, health, or development has been or will continue to be endangered by the parental relationship;
>
> (2)    The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;
>
> (3)    The division has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and

A-4968-17T4

> (4)  Termination of parental rights will not do more harm than good.
>
> [N.J.S.A. 30:4C-15.1(a)(1)-(4).]

"The four criteria enumerated in the best interests standard are not discrete and separate; they relate to and overlap with one another to provide a comprehensive standard that identifies a child's best interests." K.H.O., 161 N.J. at 348. "[T]he cornerstone of the inquiry [under N.J.S.A. 30:4C-15.1(a)] is not whether the biological parents are fit but whether they can cease causing their child harm." In re Guardianship of J.C., 129 N.J. 1, 10 (1992).

Here, Abby does not challenge the court's findings under the first and second prongs of the best interests standard. She argues only that there is insufficient evidence supporting the court's findings on the third and fourth prongs.[2] Based on our careful review of the record, we are not persuaded. Judge Suh conducted the required fact-sensitive analysis of all of the statutory factors, see K.H.O., 161 N.J. at 348, and we affirm substantially for the reasons set forth

---

[2]  We note that all of the arguments raised on Abby's behalf on appeal were not raised before the trial court. See State v. Robinson, 200 N.J. 1, 20 (2009) (explaining that appellate courts generally decline to consider arguments that were not "properly presented to the trial court" unless they "go to the jurisdiction of the trial court or concern matters of great public interest" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))). Nonetheless, we consider the merits of Abby's arguments because their resolution shall affect Tim's best interests.

A-4968-17T4

in her thorough and well-reasoned written opinion. We add only the following brief comments.

Judge Suh's finding the Division provided Abby with numerous and ongoing services to ameliorate substance abuse and parenting skills issues that rendered her unable to safely parent Tim is supported by substantial credible evidence. See F.M., 211 N.J. at 452. Moreover, plaintiff's claim the Division did not honor its obligation to "thoroughly explore[] and exhaust[]" "alternatives to terminating parental rights," N.J. Div. of Youth & Family Servs. v. A.G., 344 N.J. Super. 418, 434 (App. Div. 2001), by failing to consider Abby's sister N.M. as a caregiver is not supported by the record. The evidence shows N.M. was asked on multiple occasions about her availability to serve as a caregiver and, in each instance, she indicated she was not available due to housing issues. N.M. was advised to inform the Division if her housing situation changed and she wanted to be considered as an alternative caregiver, but she never did so. The Division considered several of Abby's other relatives as alternative caregivers, each of whom was ruled out and did not appeal those determinations.

Judge Suh's conclusion that the termination of Abby's parental rights will not do more harm than good is similarly supported by substantial credible evidence. Abby did not appear for the bonding evaluation. There is no evidence

of a bond, strong or otherwise, between Tim and Abby, and the uncontroverted evidence established a very strong and positive bond between Tim and his resource parents, who have attentively cared for him and addressed his special physical needs and developmental delays since he was two months old, and have expressed a desire to adopt him. Moreover, the undisputed evidence demonstrates that Tim's separation from his resource parents will result in significant and enduring emotional and psychological harm. Abby's assertion the evidence does not support the court's conclusion that termination of her parental rights will not do more harm than good is without sufficient merit to warrant any further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4968-17T4